THE ESTATE OF GEORGE HOPKINS, III, C. ALLEN McCONNELL, ADMINISTRATOR AND SHIRLEY E. HOPKINS BISHOP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent [1]
Estate of Hopkins v. Commissioner
Docket No. 1061-78.
United States Tax Court
T.C. Memo 1985-75; 1985 Tax Ct. Memo LEXIS 561; 49 T.C.M. (CCH) 782; T.C.M. (RIA) 85075; February 20, 1985. James V. Moroney and Richard M. Elliott, for the respondent. CANTREL MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for summary Judgment filed on July 20, 1983 pursuant to Rule 121, [2] which said motion was called for hearing at the Motions Session of the Court at Washington, D.C. on August 31, 1983. No appearance was made by or on behalf of petitioners, nor was a response to respondent's motion filed. Counsel for respondent appeared and presented argument, at the conclusion of which the Court took respondent's motion under advisement. Respondent, in his notice of deficiency issued to George and Shirley on December 14, 1977, determined a deficiency *562 in their Federal income tax for the taxable calendar year 1975 in the amount of $1,239.26. By way of an amendment to answer filed on December 1, 1982, respondent seeks an increased deficiency in income tax of $5,033.06 and an addition to the tax under section 6653(b) [3] in the amount of $3,136.16. The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on December 14, 1977. A joint petition was timely filed on February 1, 1978. Respondent filed his answer on March 8, 1978. The case was twice set for trial at Cleveland, Ohio and twice continued. Leave of Court having been granted, respondent, on November 26, 1982, filed an amendment to answer, wherein at paragraphs 7 and 8, he affirmatively pleaded as to the income tax deficiency and addition to the tax. Thereafter, the case was calendared for trial a third time, that being on the Court's February 28, 1983 Cleveland session. On February 9, 1983 respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted, which the Court set for hearing at calendar call *563 for the Cleveland session. Trial of the case was again continued, petitioners were directed to file a reply and the hearing on respondent's motion was continued pending further direction by the Court. Respondent's motion was eventually set for hearing at Washington, D.C. on June 8, 1983 as a result of two orders issued by the Court, both of which again directed petitioners to file a reply. When the case was called on June 8, 1983 no appearance was made by or on behalf of petitioners nor was a reply filed. [4] The Court granted respondent's motion and deemed admitted the undenied affirmative allegations of fact contained in paragraphs 7.(a) to (l) and 8.(a) to (o) of respondent's amendment to answer. On promulgation of our order, the pleadings herein were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 37, 38, 41 and 121. *564 The following findings of fact are based on the record as a whole and those facts in respondent's amendment to answer deemed admitted by our June 8, 1983 order. FINDINGS OF FACT George and Shirley resided at 2636 Scottwood Avenue, Toledo, Ohio on the date their petition was filed. They filed a joint 1975 Federal income tax return with the Internal Revenue Service. George was a practicing attorney throughout 1975 and he prepared petitioners' 1975 Federal income tax return. Petitioners owned several pieces of rental property before and during 1975. They failed to report all of the income from the law practice, from the rental properties and from the sale or other disposal of said properties. Petitioners were both involved in the record keeping for the law practice and failed to maintain or to submit for examination by respondent complete and adequate books and records of their income-producing activities for 1975 as required by the applicable provisions of the Internal Revenue Code. George made misleading statements to agents investigating his 1975 income tax liability. Respondent determined petitioners' correct taxable income on the basis of the net worth and *565 expenditures method of reconstruction of income. Petitioners' net worth on December 31, 1974 and December 31, 1975 and the increase in their net worth during 1975 is as follows: Date
Net Worth
Increase in Net Worth
Dec. 31, 1974
$33,432.79
Dec. 31, 1975
54,145.54
$20,712.67
Petitioners omitted from their 1975 Federal tax return taxable income in the total amount of $27,745.08. Petitioners had no undeposited cash on hand as of December 31, 1974, and December 31, 1975. During 1975 petitioners did not borrow or receive from nontaxable sources any funds, or any assets not properly taken into account by respondent which would cause or account for the increase in net worth. Petitioners correct income tax liability, tax liability reported on their return, and the understatement of tax liability for the taxable year 1975 are as follows: Correct Income Tax Liability
$6,047.42
Self-Employment Tax
1,113.90
Total Corrected Income Tax
7,161.32
Tax Liability Shown on Return
889.00
Understatement of Tax Liability
$6,272.32
Petitioners fraudulently and with an intent to evade taxes omitted from their 1975 income tax return taxable *566 income in the amount of $27,745.08. They, fraudulently and with an intent to evade taxes, understated their 1975 Federal income tax liability in the amount of $6,272.32. A part of the underpayment of tax required to be shown on petitioners' 1975 joint return is due to fraud with intent to evade tax. OPINION Through respondent's affirmative allegations of fact which have been deemed admitted it is crystal clear that petitioners understated their income tax liability for 1975 in the amount of $6,272.32. Therefore, we see no need to comment further herein respecting that determination. [5] Thus, we turn our consideration to the addition to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); . That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). ; *567 , affd. in an unpublished opinion ; . [6] Here material factual allegations in the amendment to answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of June 8, 1983. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax and we sustain respondent's determination under section 6653(b). Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states *568 that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In addition to those facts deemed admitted by our order of June 8, 1983 this record contains a complete copy of the notice of deficiency, the petition, the answer, and the amendment to answer. [7] Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. *569 An appropriate order and decision will be entered.
Footnotes
1. See Order dated June 8, 1983 changing caption. George Hopkins, III, (hereinafter called George) died intestate on April 19, 1982. Shirley E. Hopkins Bishop (hereinafter called Shirley) is George's widow. By Certificate of Appointment dated November 29, 1982, the Probate Court of Lucas County, Ohio appointed Mr. McConnell administrator debonisnon↩ of George's estate.
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Indeed, no paper has been filed in this proceeding subsequent to the petition by George, Shirley or Mr. McConnell. The latter two have been served with all pertinent documents pertaining to respondent's motion for entry of order that undenied allegations in answer be deemed admitted and his summary judgment motion.↩
5. See Rule 37(c).↩
6. See also, ; ; ; ; ; ; .↩
7. In our disposition of respondent's motion we have given no consideration whatsoever to respondent's affidavit. In , we said, "As we have previously noted, affidavits must be based on personal knowledge and not belief." See also, .↩